**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

Sonya Pinkney : 3:21-CV-00160 (OAW)
    *Plaintiff,* :
:
    v. :
:
Wal-Mart Stores East, Limited :
Partnership :
    *Defendant.* : AUGUST 16, 2022

**RULING ON MOTION FOR CONTINUANCE OF JURY TRIAL**
**AND MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S EXPERT**

    This is a personal injury action brought by Sonya Pinkney ("Plaintiff") to recover damages for her injuries after a slip and fall at a Wal-Mart store on July 21, 2019.  The parties have completed discovery and filed their joint trial memorandum.  ECF No. 41.  In anticipation of trial, Wal-Mart Stores East, Limited Partnership ("Defendant") has filed six (6) motions in limine.  Mots. in Lim., ECF No. 48–53.  Plaintiff, however, seeks to continue the trial to "February or March 2023" until such time that she has achieved "maximum medical improvement" from her ankle surgery.  Mot. to Continue, ECF No. 59.  Plaintiff contends that her physician, Dr. Michael Aronow ("Dr. Aronow"), will not be able to render an opinion on the permanent nature of her injury until at least one year from the date of her ankle surgery in January 2022.  *Id.*  Defendant opposes any continuance.  Defendant argues that Plaintiff's evidence as to her ankle surgery is inadmissible because she failed to disclose an expert witness during discovery.

    For the reasons stated herein, the court hereby **DENIES** Defendant's motion to preclude evidence relating to Plaintiff's foot and ankle surgery, including related expert opinions and records.  The court hereby **RE-OPENS** discovery limited to expert discovery and fact discovery pertaining to Plaintiff's January 18, 2022 surgery.  Limited discovery is

1

due by November 18, 2022.  Plaintiff's motion to continue the trial to February or March 2023 hereby is **DENIED**.  The court hereby resets jury selection to December 15, 2022.

## I.    Background

Plaintiff brought suit against Defendant in Connecticut Superior Court on January 11, 2021.  Defendant thereafter removed the action to this federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  In the Complaint, Plaintiff contends that she visited a Wal-Mart store in Cromwell, Connecticut on July 21, 2019.  Compl. at ¶¶ 2–3.  While at the store, she slipped and fell on a "slippery and/or wet condition" existing on the floor of the public Ladies Room.   *Id.* at ¶¶ 4, 6.  Plaintiff claims that as a result of Defendant's alleged negligence in creating "a defective and dangerous condition,", she sustained injuries to her ankle, knee, and hip among other injuries.  *Id.* at ¶¶ 7, 11.

After Defendant removed the action, the court entered a scheduling order which set a discovery deadline of December 31, 2021.  ECF No. 10.  However, the court dismissed the action in its entirety because Plaintiff failed to comply with a court order to provide discovery responses to Defendant.  ECF No. 11, 12, 14.  The court reopened the case after Plaintiff's counsel indicated that the court's electronic filing system had incorrect contact information for her and, as a result, she had not received notice of the court's order.  ECF No. 15.  The court then held a conference with the parties and entered a modified scheduling order with a discovery deadline of March 31, 2022.  ECF No. 25, 27.  In the modified order, the parties set the following expert deadlines:

3.    Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.

R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by **January 1, 2022.**

4. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by **February 15, 2022**.

ECF No. 26.   Thus, Plaintiff had until January 1, 2022 to disclose any expert witnesses, while Defendant had until February 15, 2022 to disclose its experts.   Plaintiff did not disclose any experts by the January 1 deadline.   Defendant disclosed its expert, Dr. Joseph Treadwell ("Dr. Treadwell"), on February 15.

On February 2, 2022, the parties requested a settlement conference with a United States Magistrate Judge.   ECF No. 30.   The parties attended the settlement conference, but the case did not settle.   ECF No. 37.   Defendant contends that while it "expended considerable time and resources to submit Defendant's *ex parte* mediation statement," "Plaintiff appeared at the mediation unprepared to participate and refused to engage." Mot. in Lim. ECF No. 48.

On April 26, 2022, Plaintiff filed her first motion to continue the trial.   Mot. to Continue, ECF No. 40.   Plaintiff stated that she needed a continuance because she underwent an ankle surgery on January 18, 2022, and her treating physician stated that "[s]he will not achieve maximum medical improvement until at least July 2022."   *Id.* at 2. Plaintiff further indicated that "she has requested an opinion letter from Dr. Aronow regarding the causal connection between the fall-down injury and the surgery . . . and, will . . . request a permanent partial disability rating from Dr. Aronow."   *Id.* at 2–3.   Because the court had not yet set a jury selection or trial date, the court denied Plaintiff's motion for a continuance and scheduled jury selection for September 15, 2022.   ECF No. 43.

Defendant has filed six (6) motions in limine, including one to preclude all evidence relating to Plaintiff's ankle surgery and related expert opinions as Plaintiff neither disclosed her ankle surgery nor her intent to use Dr. Aronow's opinions by the deadline for expert disclosures.  Plaintiff, however, intends to use the opinion of Dr. Aronow as she has filed a second motion to continue the trial so that she may obtain an opinion as to the permanency of her injuries.

## II.    Defendant's Motion in Limine to Preclude Evidence Relating to Plaintiff's Surgery, Including Related Expert Opinions and Medical Records

Defendant moves to preclude "any evidence relating to her foot and ankle surgery, including any records and associated expert opinions from her treating physician, Dr. Michael Aronow".  Mot. in Lim., ECF No. 48 at 1.  Defendants argue that preclusion is warranted because Plaintiff failed to disclose the surgery or Dr. Aronow's opinion before the expiration of deadlines for expert disclosure and fact discovery.  Plaintiff's expert disclosure deadline was January 1, 2022.  The discovery deadline was March 31, 2022.

Defendants claim that on March 22, 2022, Plaintiff, for the first time, informed Defendant that she was still continuing treatment for her July 2019 injury to her foot and ankle.  In support of her continuing treatment, Plaintiff produced a medical record which stated her intention to proceed with surgery.  Although Plaintiff produced the medical record to Defendant on March 25, 2022, the record was dated December 6, 2021. Moreover, "[t]he actual records of Plaintiff's surgery were not produced until April 19, 2022," well past the March 31 discovery deadline.  *Id.* at 4.  Also produced after the discovery deadline is Dr. Aronow's opinion letter, dated June 21, 2022, in which he states that Plaintiff's left ankle injuries are "causally related" to her Wal-Mart slip and fall.

4

Plaintiff objects to Defendant's motion to preclude evidence of her surgery or Dr. Aronow's testimony.  Plaintiff claims that Defendants were well aware of Dr. Aronow's intent to testify because Plaintiff named Dr. Aronow in her initial disclosures on September 17, 2021.  Plaintiff's objection to Defendant's motion in limine, however, does not contest Defendant's claim that she failed to produce records of her surgery, or Dr. Aronow's opinion letter, until after the discovery deadline had already passed.

Rule 26(a)(2)(B) requires a party to disclose the identity of any expert witness, and the "disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case[.]"  Moreover, "[a] party must make these disclosures at the time and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D).  Any party who "fails to provide information or identify a witness as require by 26(a) or (e) . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, *or at trial*, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  In addition to the sanction of preclusion, the court may impose "other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(ii)-(vii)."  Fed. R. Civ. P. 37(c)(1)(C).  The sanctions provided in Rule 37(b)(2)(A)(ii)-(vii) include "prohibiting the disobedient party . . . from introducing designated matters in evidence" or "dismissing the action" or "rendering a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(ii).  Rule 16 also allows a court to "issue any just orders including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f)(1) (C).

"Disciplinary sanctions under Rule 37 are intended to serve three purposes.  First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault." *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639 (1976)).  "[A]lthough preclusion of evidence and dismissal of the action are harsh remedies and should be imposed only in rare situations, they are necessary to achieve the purpose of Rule 37 as a credible deterrent rather than a paper tiger."  *Update Art, Inc.*, 843 F.2d at 71 (internal quotations omitted).

In determining the preclusion of evidence under Rule 37(c)(1), the court must consider "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (alteration in original).

As to the first factor, Plaintiff explains that "[i]n early January of 2022, plaintiff's counsel had become aware of the possibility of plaintiff's surgery and as such did not make a formal expert disclosure as there was clearly a possibility that it would not be accurate without having the doctor's records."  Pl.'s Obj., ECF No. 64 at 2.  Plaintiff's counsel therefore knew that she would not be able to meet the deadline for expert disclosure, yet she failed to move for an extension of the scheduling order.  Indeed, it

appears that Plaintiff's counsel expected the court to admit evidence of Plaintiff's surgery even if it was disclosed after the discovery deadline. Counsel for Plaintiff has yet to offer an explanation as to why she did not seek an extension of the scheduling order. Accordingly, the court finds that the first factor weighs in favor of preclusion.

The second factor, the importance of the testimony of the precluded witness, weighs against preclusion. The court finds Dr. Aronow's testimony on Plaintiff's surgery to be of significant import in Plaintiff's case. Dr. Aronow is Plaintiff's treating physician. He performed ankle surgery on Plaintiff in 2011, and now offers an opinion on how Plaintiff's fall at Defendant's store relates to her current ankle symptoms, including the symptoms that necessitated her January 18, 2022 surgery.[1] Dr. Aronow appears to be Plaintiff's only expert witness who is able to causally link Plaintiff's fall with her foot and ankle injuries, and her need for surgery. Defendant even concedes that "any purported expert opinion as to causation regarding Plaintiff's injuries has import – particularly in relation to any claim Plaintiff would make as to the need for her surgery[.]" While precluding Dr. Aronow's testimony may not be fatal to Plaintiff's case, his testimony undoubtedly is important in establishing the extent of Plaintiff's injuries from her fall at Defendant's premises.

As to the third factor, the court finds that Plaintiff's actions are prejudicial. Defendant relied on earlier medical disclosures made by Plaintiff – none of which involve any reference to surgery, the need for surgery, or that Plaintiff's symptoms were related to the fall. Had Plaintiff disclosed her continuing treatment and need for surgery,

---

[1]     Specifically, Dr. Aronow's opinion letter indicates that Plaintiff's "symptoms of left ankle synovitis and functional instability that necessitated her January 18, 2022, surgery . . . were causally related to her July 19, 2019 injury, in which she stated that she slipped on a wet floor in Walmart, causing her to fall and injure her left foot and ankle." ECF No. 59 at 5.

Defendant could have had its expert review Plaintiff's need for surgery, and the surgical records.  Because Plaintiff did not disclose her surgery until after Defendant had already disclosed its expert, Defendant will now be forced to incur the unforeseen cost of additional expert review.  Indeed, Plaintiff made the decision to proceed with surgery in December 2021, yet Plaintiff's counsel waited until March 22 to disclose any continuing treatment. The third factor weighs in favor of preclusion.

The final factor, the possibility of a continuance, weighs neither for nor against preclusion.  While this case is more than two years old, it is not an inordinate amount of time to automatically render a continuance inappropriate.  *See, e.g., Irish v. Tropical Emerald LLC*, No. 18-CV-82 (PKC) (SJB), 2022 WL 2716182, at *11 (E.D.N.Y. July 13, 2022) (finding that a four year old case in which the court extended the deadlines for fact discovery eight times renders the possibility of a continuance minimal); *Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc.*, 301 F.R.D. 31, 42 (S.D.N.Y.) (noting that a continuance is not appropriate given the age of the case and the fact that discovery has long been closed).  Despite the age of the case, the discovery period has closed, the parties have submitted their trial memorandum, and a trial date has been scheduled. Thus, the court finds the last factor neutral on the issue of preclusion.

The first and third factors weigh in favor of preclusion, the second factor weighs against, and the fourth factor is neutral.  However, the court weighs the second factor with greater consideration.  Preclusion of evidence related to Plaintiff's surgery, including preclusion of Plaintiff's expert testimony, is a drastic sanction, particularly in a personal injury case.  Preventing Plaintiff from introducing records related to her surgery or Dr. Aronow's testimony would deprive her of a fair trial and punish a client for her attorney's

failure to seek an extension of the scheduling order.  Accordingly, the court will not prohibit Plaintiff from introducing at trial evidence of her foot and ankle surgery, including medical records and the testimony of Dr. Aronow.  Defendant's motion in limine to exclude such evidence hereby is **<u>DENIED</u>**, and Plaintiff's motion for permission to present Dr. Aronow's testimony by way of video deposition (ECF No. 58) hereby is **<u>GRANTED</u>**.

The court recognizes that allowing evidence pertaining to Plaintiff's surgery will require reopening discovery so that Defendant may review Plaintiff's surgical records and, if it desires, to depose Plaintiff and her expert with respect to the January 18, 2022 surgery.  The court further recognizes that the additional discovery is the result of Plaintiff's counsel's failure to adhere to the scheduling order or seek an extension of pretrial deadlines.  However, the court will not impose any lesser sanctions.  The court finds that the failure to disclose was not intentional.  Indeed, Plaintiff's counsel thought Defendant had notice of Dr. Aronow's intention to testify upon Plaintiff's 26(a) disclosures. Moreover, Plaintiff has not sought to surprise Defendant with new evidence on the eve of trial.  Plaintiff's counsel produced both the surgical records and Dr. Aronow's opinion letter upon receipt and has indicated that Plaintiff will sit for an additional deposition pertaining to her surgery.  Accordingly, the court declines to impose sanctions at this time.

### III.   Plaintiff's Motion to Continue

Plaintiff has moved to continue the trial date until "February or March of 2023" so that Dr. Aronow may provide an opinion on a permanent partial disability rating.  Pl.'s Mot. to Continue, ECF No. 59.  Dr. Aronow has indicated that Plaintiff will not be at her maximum medical improvement until one year after her surgery date of January 18, 2022.

9

*Id.* at 5.  Plaintiff previously filed a motion to continue in which she indicated that "[s]he will not achieve maximum medical improvement until at least July of 2022 according to her treating physician."  Pl.'s Mot. to Continue, ECF No. [40] at 2.  The court denied that motion on the grounds that a trial had not yet been scheduled.  *See* ECF No. 43.

The opinion letter provided by Dr. Aronow confirms his belief that Plaintiff "would likely be at a maximum medical improvement one year status post her January 18, 2022, surgery."  ECF No. 59 at 7.  However, the letter does not indicate that Dr. Aronow is unable to form an opinion as to the permanency of Plaintiff's injury until she achieves maximum medical improvement.  Moreover, the court cannot continuously push the trial date to accommodate Dr. Aronow's changing opinions as to when Plaintiff would achieve maximum medical improvement.  Indeed, Plaintiff initially represented that maximum improvement would be July 2022, but that date has now been pushed to January 2023.  The court also keeps in mind that it has been more than three years since Plaintiff's slip and fall on July 21, 2019.  Accordingly, Plaintiff's motion to continue the trial until February or March 2023 hereby is **DENIED**.  The court will, however, continue the current jury selection date so as to allow additional time for expert discovery, and discovery of facts pertaining to Plaintiff's surgery.  The parties shall complete the discovery by **November 18, 2022**.  Jury selection hereby is reset to **December 15, 2022**, with the trial to begin immediately thereafter.  The court is highly unlikely to grant future extensions of time.

## IV.   Defendant's Remaining Motions in Limine

Defendant has filed five (5) additional motions in limine to preclude certain evidence to be introduced by Plaintiff.  The court hereby **DENIES** as moot the motions in

limine which seek to preclude evidence relating to: Plaintiff's medical expenses and future pain and suffering (ECF No. 51), Plaintiff's claims of her inability to enjoy life's activities (ECF No. 52); and Plaintiff's claims for permanent injuries and future pain and suffering (ECF No. 53).  These motions will be impacted by the additional discovery now permitted on Plaintiff's January 18, 2022 surgery.  The court's denial is without prejudice, and Defendant may renew its motions after discovery closes on November 18, 2022.

Defendant also moves to preclude evidence related to Plaintiff's knee and hip injuries (ECF No. 49).  Defendant notes that at Plaintiff's deposition, she confirmed that the only injuries she is claiming is to her left foot and left ankle.  Mot. in Lim., ECF No. 49 at 1–2.  Indeed, Plaintiff states "[n]o, I did not injure my right knee" and that "[t]here's nothing wrong with my knees."  Sonya Pinkney Dep., 30:10, 18, ECF No. 49-1 at 5.  She also responds in the negative when asked whether she is claiming any injuries to her hips.  *Id.* at 30:19–21.  Plaintiff objects to the motion and clarifies that she "is not claiming that those injuries are permanent."  Pl.'s Obj., ECF No. 69 at 2.  Instead, she asserts that "plaintiff presented to her primary care physician and chiropractor complaining of pain in her knee and hip" and that "she is clearly entitled to testify that she suffered knee and hip pain as a result of the fall."  Plaintiff claims that Defendants have received records of the treatment for Plaintiff's knee and hip complaints.  Whether Plaintiff suffered a knee or hip injury as a result of her slip and fall is an issue of fact for the jury to decide.  The court **DENIES** the motion in limine, but reserves the right to exclude the evidence at trial, upon hearing the context in which it is presented, should Defendant choose to renew its request for exclusion under the Federal Rules of Evidence.

The court hereby **GRANTS** Defendant's motion to preclude evidence related to Plaintiff's alleged lost wages and earning capacity (ECF No. 50),as Plaintiff does not oppose the motion.

### V.   Plaintiff's Motion to Preclude Defendant's Expert

Plaintiff moves to preclude Defendant's expert witness, Dr. Treadwell, because he "did not review all of the records in the rendering of his opinion nor did he ever physically examine the plaintiff."  Because the court has reopened discovery, Dr. Treadwell will have the opportunity to review Plaintiff's surgical records and, if Defendant so chooses, to examine Plaintiff.  Accordingly, the motion hereby is **DENIED** without prejudice to renewal after the close of discovery.

### VI.   Conclusion

The court hereby reopens both expert and fact discovery.  Fact discovery shall be limited to Plaintiff's January 18, 2022 surgery.   Discovery shall be completed by **November 18, 2022**.  Jury selection is continued until **December 15, 2022**.  The parties are expected to proceed diligently to meet the new discovery deadline.  The court will not modify the discovery deadline nor the jury selection date absent exceptional circumstances.

**IT IS SO ORDERED.**  Entered at Hartford, Connecticut, this 16th day of August, 2022.

/s/ Omar A. Williams
Omar A. Williams
United States District Judge

12